**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERIC JOHN GIDLEY,**

    **Plaintiff,**

v.                                                                  **Case No. 8:18-cv-2276-T-AAS**

**ANDREW SAUL,**
**Commissioner,**
**Social Security Administration,**[1]

    **Defendant.**
_____/

## ORDER

Eric John Gidley seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, the joint memorandum the parties submitted, and the reply brief from Mr. Gidley,[2] the Commissioner's decision is **REMANDED** for further consideration consistent with this order.

---

[1] On June 17, 2019, Andrew Saul became Commissioner of the Social Security Administration. Consistent with Federal Rule of Civil Procedure 25(d), Mr. Saul is substituted as a party in Nancy Berryhill's place.

[2] Although the plaintiff did not seek leave to file a reply in accordance with Local Rule 3.01(c) and the Scheduling Order (Doc. 14), the court reviewed and considered the reply in reaching this determination. (Doc. 17).

1

## I. PROCEDURAL HISTORY

On September 8, 2015, Mr. Gidley applied for DIB alleging disability beginning on August 28, 2015. (Tr. 375–76). Disability examiners denied Mr. Gidley's application initially and after reconsideration. (Tr. 295–303). Mr. Gidley requested a hearing, and the ALJ held the hearing on May 15, 2017. (Tr. 35–77, 305–06). The ALJ issued a decision unfavorable to Mr. Gidley on September 8, 2017. (Tr. 20–28).

Mr. Gidley requested a review of the decision and submitted additional evidence. (Tr. 8–11). The Appeals Council denied Mr. Gidley's request for review so the ALJ's decision is the final decision of the Commissioner. (Tr. 1–7). Mr. Gidley now seeks review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Gidley was forty-seven years old when he submitted his DIB application, and he was forty-nine years old when the ALJ held the hearing. (Tr. 20, 27). Mr. Gidley has at least a high school education and past relevant work experience as a delivery driver and sales attendant. (Tr. 27). Mr. Gidley claimed disability because of "anxiety disorder with panic attacks, depression, bipolar and degenerative disc disease of lumbar spine." (Tr. 38).

## B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[3] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[4] he is not disabled. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, then he has no severe impairment and is not disabled. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment included in the Listings, he is not disabled. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity ("RFC").[5] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work that exists in the national economy, then he is not disabled. § 404.1520(g).

---

[3] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[4] Substantial gainful activity is paid work that requires significant physical or mental activity. § 404.1572.

[5] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. § 404.1545.

The ALJ determined Mr. Gidley engaged in no substantial gainful activity since the alleged onset date. (Tr. 22). The ALJ found Mr. Gidley had the following severe impairments: "degenerative bulging and spondylosis of the lumbar spine; obesity; history of hyperlipidemia and gastroesophageal reflux disease; depression/bipolar disorder; and, anxiety/panic disorder, with history of panic attacks." (*Id.*). Nonetheless, the ALJ found Mr. Gidley's impairments or combination of impairments fail to meet or medically equal the severity of an impairment included in the Listings. (*Id.*).

The ALJ then found Mr. Gidley has the RFC to perform light work[6] with these limitations:

> He must avoid concentrated exposure to unprotected heights, dangerous equipment, and vibrations. The claimant cannot interact with the public and can only occasionally interact with supervisors. He is also limited to simple, routine, unskilled job tasks, with only occasional changes in the work setting.

(Tr. 23). Based on these findings, the ALJ determined Mr. Gidley could not perform his past relevant work. (Tr. 27). The ALJ determined Mr. Gidley could perform jobs that exist in significant numbers in the national economy, specifically

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

cleaner/housekeeping, small parts assembler, and electronics worker. (Tr. 27–28). The ALJ therefore found Mr. Gidley not disabled. (Tr. 28).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Mr. Gidley argues the court should remand the ALJ's decision for three reasons. (Doc. 16, pp. 10–38). First, Mr. Gidley argues the Appeals Council erred in denying review of his claim. (*Id.* at pp. 10–21). Second, Mr. Gidley argues the ALJ's RFC determination is not supported by substantial evidence. (*Id.* at pp. 23–28). Third, Mr. Gidley argues the ALJ failed to accommodate Mr. Gidley's moderate limitations in concentration, persistence, and pace in the hypothetical question posed to the vocational expert (VE). (*Id.* at pp. 33–36).

#### 1. <u>Appeals Council Evidence</u>

As an initial matter, Mr. Gidley argues it is unclear what the Appeals Council considered in making its determination. (*Id.* at p. 11). However, the Appeals Council need not make detailed findings or provide a "detailed discussion of the claimant's new evidence when denying a request for review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 853 (11th Cir. 2015). Therefore, the Appeals Council's notice was legally sufficient.

Mr. Gidley argues the Appeals Council's rejection of new evidence from Dr. Robert Arnold is unsupported by substantial evidence. (Doc. 16, p. 10). Mr. Gidley asserts Dr. Arnold's opinion is consistent with Mr. Gidley's medical records about his mental health condition and Mr. Gidley's testimony at the ALJ hearing. (*Id.* at pp. 17–19). Thus, Mr. Gidley argues the Appeals Council erred when it failed to consider

Dr. Arnold's opinion, which addressed Mr. Gidley's medical history during the alleged disability period. (*Id.* at p. 20).

The Commissioner argues the Appeal Council evaluated Dr. Arnold's opinion and properly concluded the record was not material and had no reasonable probability that Dr. Arnold's opinion would change the outcome of the decision. (*Id.* at p. 21). The Commissioner asserts Dr. Arnold's opinion does not state it is based on review of medical documentation or Mr. Gidley's subjective statements. (*Id.* at p. 22). The Commissioner asserts Dr. Arnold's opinion is immaterial because it contradicts the other medical evidence. (*Id.*). The Commissioner argues Dr. Arnold's opinion does not support Mr. Gidley's subjective complaints because the ALJ properly discounted Mr. Gidley's subjective complaints as unsupported by substantial evidence. (*Id.* at p. 23).

The Appeals Council will review the ALJ's decision if a claimant submits additional evidence that is new, material, and relates to the period before the ALJ's decision (i.e., the evidence is chronologically relevant). 20 C.F.R. § 404.970(a)(5); *Ingram v. Comm'r Soc. Sec. Admin*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citation omitted). Evidence is new when the claimant submits it to the Appeals Council after the ALJ's decision. *See Hargress v. Soc. Sec. Admin, Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (discussing evidence claimant submitted to the Appeals Council after the ALJ's decision); *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (same). Evidence is material if a reasonable probability exists the new evidence would change the administrative result. *Washington*, 806 F.3d at 1321

7

(quotation and citation omitted). And evidence is chronologically relevant if it "relates to the period on or before the date of [the ALJ's] decision." 20 C.F.R. § 404.970(a)(5); *Hargress*, 883 F.3d at 1309 (citations omitted). Medical evidence might be chronologically relevant even if it is based on treatment the claimant received after the ALJ's decision. *Washington*, 806 F.3d at 1322–23 (citation omitted).

In determining whether new evidence relates back to the period before the ALJ's decision, courts consider: (1) whether, during the period relevant to the ALJ's decision, the claimant described the symptoms the new evidence addresses; (2) whether the doctor, who generated the new evidence, reviewed the claimant's treatment notes from the period relevant to the ALJ's decision; and (3) whether evidence exists showing the claimant's condition deteriorated after the ALJ's decision. *See Washington*, 806 F.3d at 1322–23 (discussing why new evidence submitted after the ALJ's decision was chronologically relevant); *see also Hargress*, 883 F.3d at 1309 (citation omitted) (discussing three factors *Washington* considered under the "special circumstances" of that case).

The Appeals Council's decision whether to review the ALJ's decision because of new evidence is subject to judicial review. *Washington*, 806 F.3d at 1320 (quotation and citation omitted). Whether evidence submitted to the Appeals Council is new, material, and chronologically relevant, is a legal question subject to de novo review. *Id.* at 1321 (citations omitted).

Dr. Arnold's opinion is new evidence because Dr. Arnold's wrote his opinion in December 2017, after seeing Mr. Gidley for a few months, and then was submitted to

8

the Appeals Council after the ALJ's decision in September. (Tr. 1–4; 10–11, 20–28). Additionally, Dr. Arnold's opinion is chronologically relevant because the opinion relates to the period of alleged disability. 20 C.F.R. § 404.970(a)(5); *see Washington*, 806 F.3d at 1322–23. In October 2017, Mr. Gidley went to Dr. Arnold for his mental health issues. (Tr. 10). Mr. Gidley's mental health issues are one of the reasons he sought disability benefits. Dr. Arnold provided his opinion after reviewing Mr. Gidley's prior medical records, referencing Mr. Gidley's prior hospitalizations for mental health issues and his treatment with numerous healthcare providers. (Tr. 10). At the first session, Dr. Arnold opined Mr. Gidley appeared visibly agitated and verbalized his anxiousness by stating "he had to get out of here" with Mr. Gidley only remaining in the session because of "taking his medication, de-escalation and encouragement." (*Id.*). Dr. Arnold documented that Mr. Gidley continued to come to therapy but "his emotional, behavioral and cognitive capacity at home and at work" could increase Mr. Gidley's risk of exacerbating his mental health possibly leading to another hospitalization. (*Id.*).

Dr. Arnold's opinion is material because there is a reasonable probability it would change the administrative result. *See Washington*, 806 F.3d at 1321. The medical evidence demonstrates Mr. Gidley was often anxious with his mood shifting from anxious to agitated, which is consistent with Dr. Arnold's opinion. (Tr. 720–22). However, the ALJ noted Mr. Gidley "had severe mental impairments" but determined those impairments didn't reach disabling levels because Mr. Gidley was not seeing a mental healthcare provider. (Tr. 25). Dr. Arnold's opinion was consistent with

9

numerous medical records noting Mr. Gidley's anxiety. (Tr. 720–22, 748, 750, 752, 758, 761, 763, 765). Dr. Arnold's opinion addresses the ALJ's doubts about the severity of Mr. Gidley's mental health simply because he did not seek mental healthcare (Tr. 25–26), despite providing the same explanations to the ALJ where he would often become visibly agitated leading to severe panic attacks when he sought previous mental health treatment. (Tr. 43–44). Even though Dr. Arnold's opinion demonstrates Mr. Gidley entered and continued to engage in treatment, Mr. Gidley's condition was worsening. (Tr. 10).

Because Dr. Arnold's opinion is new, chronologically relevant, and material evidence, the Appeals Council was required to consider it. The Appeals Council's refusal to consider the new evidence from Dr. Arnold was an error of law. Thus, the case should be returned to the Commissioner for consideration of this evidence in conjunction with all the other evidence in the record.

### 2. Remaining Issues

If the Commissioner denies benefits based on an issue that requires remand, the reviewing court need not address other issues the claimant raised. *See Demench v. Sec'y of Dep't. of Health and Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address other issues claimant raised on appeal when the ALJ erred on one issue); *see also Freese v. Astrue*, No. 8:06-CV-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008) (same). The court need not address whether the ALJ properly evaluated Mr. Gidley's RFC opinions or whether the ALJ erred in not

including Mr. Gidley's limitations on questions to the VE because both issues may be affected by proper consideration of Dr. Arnold's opinion.

## IV. CONCLUSION

The Appeals Council's refusal to consider the new evidence from Dr. Arnold was an error of law. The Commissioner's decision is **REMANDED** for further consideration consistent with this order, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for Mr. Gidley consistent with 42 U.S.C. Section 405(g).

**ORDERED** in Tampa, Florida, on September 23, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge